OPINION
In April 1991, Ronald A. Grimes, then age thirty, was indicted by a Franklin County grand jury on three counts of rape, three counts of kidnapping, and one count each of gross sexual imposition and attempted rape. The charges arose as a result of Mr. Grimes's alleged sexual activities with the ten-year-old daughter of his girlfriend[1]. The offenses, which included various acts including cunnilingus and attempted vaginal intercourse, were alleged to have occurred on at least four occasions between June 1, 1988 and November 30, 1990.
In August 1991, Mr. Grimes entered a guilty plea to a single count of rape, an aggravated felony of the first degree. In exchange for his plea, nolle prosequis were entered as to the seven remaining felonies. The trial court sentenced him to a prison term of seven to twenty-five years.
In May 1999, acting upon a recommendation from the Ohio Department of Rehabilitation and Correction, the trial court conducted a hearing to determine whether Mr. Grimes should be classified as a "sexual predator" pursuant to R.C. Chapter 2950. The trial court ultimately agreed with the recommendation, and ordered that Mr. Grimes be so classified.
Ronald A. Grimes (hereinafter "appellant") appeals from the sexual predator determination, assigning a single error for our consideration:
 The trial court erred in finding Appellant to be a sexual predator.
A "sexual predator" is defined as a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape clearly qualifying as a "sexually oriented offense," the issue in a sexual predator hearing is whether the state has proven by clear and convincing evidence that the offender is likely to engage in future sexually-oriented offenses. R.C. 2950.09(B)(3); State v.Cook (1998), 83 Ohio St.3d 404. "Clear and convincing evidence" is more than a preponderance of the evidence but does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram
(1992), 82 Ohio App.3d 341, 346.
In making its determination that an offender is a sexual predator, R.C. 2950.09(C)(2)(b) provides that the court "shall consider all relevant factors, including, but not limited to, all of the factors specified" in R.C. 2950.09(B)(2), which are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexual oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the court's May 7, 1999 entry journalizing its sexual predator determination, the trial court stated:
 Pursuant to R.C. 2950.09(C), this Court conducted a hearing * * * to determine whether * * * Ronald Grimes * * * is a "sexual predator." For the reasons stated on the record at the conclusion of that hearing, the Court determines by clear and convincing evidence that * * * Ronald Grimes * * * is a sexual predator. This finding is made pursuant to R.C. 2950.09(C) and pursuant to the factors set forth in R.C. 2950.09(B). [Emphasis added.]
The "reasons stated on the record" at the conclusion of the hearing are revealed in the following colloquy:
THE COURT: The victim was 10?
 THE DEFENDANT: Yes, sir, yes, she was. She was a stepdaughter.
 THE COURT: * * * I have reviewed all of the exhibits that have been provided and entered into evidence today[.] I have had the opportunity to look at them prior to today's hearing. I can't fathom how anyone in their [sic] right mind could offend against a child, but then I'm trying to apply rational [sic], that is something that is inherently irrational, I suppose.
 In reviewing the different documents that I have read, the indictment indicates three counts of rape, one count of attempted rape, three counts of kidnapping, one count of gross sexual imposition.
 You apparently admitted to the course of conduct that is described I believe in the plea as at least four occasions.
Did you vaginally penetrate this 10 year old?
THE DEFENDANT: No, sir.
 THE COURT: I can't understand that kind of acting out. I don't believe I have any choice but to find by clear and convincing evidence that you are a sexual predator * * *. [Tr. 13-14.]
Appellant essentially contends that the trial court's stated rationale constitutes an insufficient basis upon which to make the sexual predator determination. In particular, appellant argues that the trial court erred in failing to consider the absence of all enumerated statutory factors with the single exception of the age of the victim. Further, the trial court purportedly failed to consider significant evidence before it tending to show only a minor likelihood that appellant would reoffend.
Specifically, appellant submits that the trial court ignored exhibits introduced at the hearing evidencing his significant participation while incarcerated in numerous educational, religious, and sexual offender treatment programs. It indeed appears from the documentation that appellant has successfully availed himself of an impressive amount and array of such opportunities. Appellant accurately observes that the trial court made no explicit reference to any of these particular activities; instead, the court apparently focused only upon the underlying offense itself, particularly the age of the victim.
For purposes of appellate review, the preferred practice for a trial court would be to state explicitly its assessment ofall of the evidence before it. Here, the trial court necessarily, albeit implicitly, concluded that the statutory factors regarding potential recidivism essentially outweighed the favorable evidence presented by appellant. Given the trial court's express averment in its entry that it did consider all of the evidence before it and the relevant statutory factors, we are not free to simply assume to the contrary where the record does sustain its determination, although perhaps not overwhelmingly.
With respect to the statutory factors mandated to be considered, we first note that appellant does have one prior felony conviction, although it was not for a sexually-oriented offense. R.C. 2950.09(B)(2)(b). Given the time period over which the repeated incidents of sexual abuse occurred, the record arguably supports a finding that appellant's conduct constituted a "demonstrated * * * pattern of abuse." R.C. 2950.09(B)(2)(h). In addition, a finding that appellant "displayed cruelty" during the commission of his offenses could be made, although that statutory factor unfortunately lacks definitional precision beyond the heinous nature of the underlying offense itself. R.C.2950.09(B)(2)(i). Finally, "additional behavioral characteristics" could include his history of serious alcohol and drug abuse. R.C.2950.09(B)(2)(j).
Appellant essentially argues that the trial court should have given greater consideration to the various treatment programs in which he successfully participated. In particular, appellant observes that he was assessed as a "moderate" risk for reoffending, approximately four to six percent, in a preliminary screening analysis for a sexual offender treatment program. Appellant emphasizes the fact that the risk factor could be even less, given the fact that the assessment was conducted before the treatment program was completed.
Appellant's contention regarding the probability of his achieving a low risk for reoffending is purely speculative. If indeed he does successfully complete the treatment program and is reassessed at an even lower risk, the law provides appellant the opportunity to petition the court for removal from the sexual predator classification. R.C. 2950.09(D). Until such time, the assessment is premature.
Given the state of this record, we cannot say that the trial court erred in determining appellant to be a sexual predator.
The assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER, J., and BOWMAN, P.J., concur.
[1] Although the parties and trial court below referred to this child as appellant's "stepdaughter," the record indicates that appellant and the child's mother never married.